NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000780
23-JAN-2015
09:27 AM

NO. CAAP-14-0000780

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ANASTASIA Y. WALDECKER, Petitioner-Appellant, v.
JOHN O'SCANLON, Respondent-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRSTCIRCUIT
(UCCJEA NO. 14-1-0002)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Petitioner-Appellant Anastasia Y. Waldecker (**Waldecker** or **Mother**) appeals from the Order Denying Petitioner's Motion to Change Custody; Order Granting in Part Motion to Enforce Custody and Education Provisions of Findings of Fact, Conclusions of Law and Decree of Divorce and to Modify Child Support, filed on April 2, 2014 (**Order Denying Change in Custody**), in the Family Court of the First Circuit (**Family Court**)[1], and challenges certain parts of the Family Court's Findings of Fact (**FOF**), Conclusions of Law (**COL**) and Order, which were entered on May 19, 2014.

On appeal, Waldecker raises seven points of error, which are woefully noncompliant with Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4), but which nevertheless have been considered by this court. Waldecker contends that the Family Court erred when it: (1) failed to make any finding that its

---

[1] The Honorable Kevin A. Souza presided.

"anticipated change of custody" was in the best interests of the minor child (**Child**); (2) failed to make any finding that its "anticipated change of visitation" was in the best interests of the Child; (3) failed to address Waldecker's alleged changes of circumstances in the FOFs and COLs; (4) enforced the custody provisions in the parties' Nevada divorce decree; (5) allegedly found Waldecker's relocation to be a change of circumstances for visitation and child support purposes, but not for custody; (6) "fail[ed] to declare the provision that Father's[2] adult children shall have complete authority to choose the minor child's school upon Father's death to be unenforceable and invalid;" and (7) entered COLs 11, 17, and 19.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Waldecker's points of error as follows:

Waldecker essentially argues that, notwithstanding that she had been represented by counsel, agreed to the terms of the parties' May 13, 2010 State of Nevada Decree of Divorce (**Divorce Decree**) and did not file an appeal from the Divorce Decree, the Family Court should disregard a key custody provision, based on the alleged best interest of the child and a material change in circumstances, *i.e.*, Waldecker's anticipated relocation from Hawai'i to Florida. The Divorce Decree provides, in relevant part:

> Husband and Wife shall have the joint legal and physical care, custody and control of [Child]. Shared custody and visitation shall be on a week-on/week-off basis, commencing May 15, 2010. No provision is made for visitation during holidays or school breaks such that the week-on/week-off cycle will continue except to the extent that the parties agree otherwise.
>
> . . . It is contemplated that both Husband, Wife and the minor child will initially be residing on the island of Oahu, Hawaii. If in the future either party relocates to a residence beyond a 200-mile radius of Oahu or San Francisco, modification of custody shall automatically occur then changing to the other party remaining having primary

---

[2] Respondent-Appellee John O'Scanlon is referred to as **Father** or O'Scanlon.

physical custody of said minor child, at the option of the remaining party.

Importantly, Waldecker neither acknowledges nor challenges FOFs 10-15, which find that both parents love Child, there is no evidence that either parent will harm or be dangerous to Child, Child is bonded to both, Child is doing well in school, enjoying a variety of extracurricular activities, and has a strong network of friends in Hawai'i. See Wisdom v. Pflueger, 4 Haw. App. 455, 459, 667 P.2d 844, 848 (1983) ("If a finding is not properly attacked, it is binding; and any conclusion which follows from it and is a correct statement of law is valid.").

Thus, Waldecker's only remaining assertions of best interest of Child and/or material change in circumstances stem from her anticipated relocation to Florida. The Family Court did not err in concluding that, although relocation is generally considered a material change in circumstances, that is not the case where, as in this case, there is a provision in the divorce decree that specifically addresses the issue of relocation. See Nadeau v. Nadeau, 10 Haw. App. 111, 119-120 861 P.2d 754, 758-59 (1993). The Family Court's COLs are properly grounded in its FOFs, which are sufficient to allow meaningful review by this court, and the lack of additional and/or particular FOFs does not warrant reversal in this case.

Waldecker's challenge to the Family Court's modification of visitation and child support, which is triggered only upon her actual relocation, is without merit. Waldecker makes no specific argument concerning the terms of her allowed visitation with Child, which appear to provide her with nearly a maximum possible amount of time and contact with Child, short of granting her physical custody. Similarly, Waldecker makes no specific argument concerning the child support determination. The gravamen of Waldecker's challenge is that, if there is no material change in circumstances warranting a change in the custody provision of the Divorce Decree, then the Family Court could not find a material change in circumstances warranting modification of visitation and child support - thus, the Family

Court should have found a material change in circumstances warranting a change in custody. We reject this flawed logic.

Finally, Waldecker's contention that the Family Court erred when it "fail[ed] to declare the provision [in the Divorce Decree] that Father's adult children shall have complete authority to choose the minor child's school upon Father's death to be unenforceable and invalid" appears to be raised for the first time on appeal.[3] See HRS § 641-2 (Supp. 2013); see also, e.g., Ass'n of Apt. Owners of Wailea Elua v. Wailea Resort Co., 100 Hawai'i 97, 107, 58 P.3d 608, 618 (2002) ("Legal issues not raised in the trial court are ordinarily deemed waived on appeal.") (citations omitted). In any case, notwithstanding the questionable enforceability of this provision,[4] as the record reflects that O'Scanlon is alive, this issue is premature and we decline to address it.

For these reasons, the Family Court's April 2, 2014 Order Denying Change in Custody is affirmed.

DATED: Honolulu, Hawai'i, January 23, 2015.

On the briefs:

Michael A. Glenn
for Petitioner-Appellant

A. Debbie Jew
(Ogawa Lau Nakamura & Jew)
for Respondent-Appellee

Presiding Judge

Associate Judge

Associate Judge

---

[3] Waldecker's points of error contain no citations to the record on appeal. Upon review of the record, we discovered no argument or even mention of this issue.

[4] The death of a custodial parent would clearly constitute a material change in circumstances and, under such circumstances, it seems highly unlikely that a family court would, without a further examination of the facts and circumstances then existing, grant "complete authority to choose the minor child's school" to one or more unspecified adults based on this provision.